29 C.C.P.A. (Patents)

## In re FISCHER.

### Patent Appeal No. 4591.

Court of Customs and Patent Appeals.

Feb. 24, 1942.

Stephen Cerstvik, of Bendix, N. J., and N. D. Parker, Jr., of Washington, D. C. (C. J. Kalman, of Bendix, N. J., of counsel), for appellant.

W. W. Cochran, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Judge.

The application for a patent involved in this appeal is concerned with a gyroscopic instrument and particularly with one in aircraft which indicates the craft's angular acceleration. The Primary Examiner of the United States Patent Office, after having allowed four claims in which appear certain defined limitations descriptive of appellant's structure not found in the prior art, rejected claims 11, 12, 13 and 14, which are the broad claims in the application. Appellant appealed to the Board of Appeals, and it affirmed the decision of the examiner, and from the decision of the board appeal has been taken here.

While the examiner discussed the rejection of claims 11 and 12 separately from his rejection of claims 13 and 14, he, in fact, made no distinction between the claims as being anticipated by the sole reference in the case—Henderson, No. 1,900,709, March 7, 1933—and we regard claim 11 as illustrative of the four claims at bar. It follows:

"11. A gyroscopic instrument comprising a two-degree-of-freedom gyroscope having a rotor mounted for precession in accordance with the rate of turn about an axis of a craft on which the instrument may be mounted, means cooperatively associated with said gyroscope for providing a magnetic field, and resiliently constrained indicating means controlled by the combined action of said magnetic field and of the precession of said gyroscope for indicating the angular acceleration of said craft during turning about said axis."

The drawings of appellant's application are diagrammatic, while those of the reference are presumed to show the actual structure of the device there involved. Before describing the invention and discussing the holdings of the tribunals below, and the contentions of appellant, we think it proper, for clarity, to here reproduce figure 1 of appellant's drawings (figure 2 being a modification thereof, each of the four

claims here involved reading upon figure 1) and figures 1, 2 and 3 of the Henderson drawing. They follow:

APPELLANT:

HENDERSON:

Appellant's invention, according to his contentions here and his teachings in the application, has but one function—that of "indicating the angular acceleration of a mobile vehicle such as, for example, an aircraft." The board described his invention in the following language:

"The disclosure relates to a gyroscopic instrument for indicating the angular acceleration of a movable vehicle, such as an aircraft, for example. The specification states that the disclosure relates to the determination of the angular acceleration from the speed of precession of a gyroscopic turn indicator measuring the speed of a turn. It is stated that applicant's objective is accomplished by associating with the axes of precession of a gyroscopic turn indicator, an independent mobile meas-

uring member which is displaced against the force of springs or the like. * * *"

The Primary Examiner rejected the involved claims as being unpatentable over Henderson, and in doing so had the following to say:

"Claims 11 and 12 were held unpatentable over Henderson in which, referring to Figures 1 and 2, *1* is a gyro casing within which spins a rotor about an axis normal to plane of paper, Figure 1. The precession axis is defined by trunnions 2 supporting casing 1. The left trunnion (See Figure 3), is connected to discs 5 of a viscuous drag device. These discs are located within an independently turnable casing 4 wholly or partially filled with a viscuous liquid. The casing 4 is constrained by springs 6. Its turning is indicated by a pointer 8 moving over scale 9. *This viscuous transmission appears to be the full equivalent of the magnetic coupling of the application.* Attention is invited to the last paragraph of the present specification as filed where it is stated that the eddy current device may be replaced by 'a liquid friction device', thus showing that applicant considered the two as complete equivalents. Assuming that it would not be invention to substitute a magnetic or eddy-current coupling for the viscuous coupling of Henderson, claims 11 and 12 are believed fairly anticipated. * * * [Italics ours]

"* * * All of these claims—viz., 11 to 14, rely for patentable novelty upon the same construction, described in almost identical wording. This extremely simple construction is adequately covered by the four claims which have been allowed."

The examiner also rejected the claims on the ground of indefiniteness, which ground the board disapproved, and we are not here concerned with it.

The board treated the examiner's rejection upon the prior art as applying to all the appealed claims, and it approved his rejection in a somewhat lengthy decision from which we quote as follows:

"It appears that the indicating means 13, 14 of Henderson comprises structure not involved in applicant's disclosure. The structure involved is that which produces an indication on the scale 9 by the pointer 8. This indication would be controlled by the connection of the discs 5 of Henderson direct to the precession axis 2 in a manner similar to applicant's member 7 mounted on the precession axis, as shown in

Fig. 1, if it were not for the intervention of the casing 4 with the viscous fluid therein. It is believed that this connection by means of the viscous fluid from the discs 5 to the casing 4 and to the indicator means 8, 9 is a combination of the same type as that of applicant except that he uses the magnet instead of the viscous fluid of the patentee. That there is some controlling effect of this viscous fluid appears obvious. The examiner has pointed out that applicant's specification as originally filed indicated that such a fluid might be used instead of the magnet. It is considered that to substitute the magnet for the viscous fluid and its corresponding effect on the indicating means at 8, 9 of the patentee would not amount to a patentable improvement."

In a decision on reconsideration the board adhered to its former view that the claims were unpatentable over the reference and further emphasized the points that it made in its original decision.

In this court, appellant argues at great length that Henderson merely discloses a "turn indicator" and not an angular acceleration indicator. Concerning appellant's invention, we find the following in his brief:

"Stated succinctly, appellant provides a two-degree-of-freedom gyroscope with *one resilient constraint or coupling* which limits precession during turn to a function of rate or speed of turn and a *second resilient constraint or coupling* which has one part movable as a rate or speed of turn function and which through a slip connection, actuates a second part, normally held by springs 11 to a central position, so that the second part moves angularly as a function of the craft's angular acceleration. [Italics quoted]

\* \* \* \* \*

"Appellant's invention, therefore, lies in the provision of a rate of turn instrument with a mechanism which derives the factor of acceleration from the rate of turn."

In discussing the Henderson reference appellant urges that:

"Henderson discloses a turn indicator which consists of a two-degree-of-freedom gyroscope having *a single resilient constraint or coupling* between its precession axis and the indicating means so that gyro precession during craft turn is limited to a function of the rate or speed of craft turn. [Italics quoted]

"Appellant, on the other hand, has devised a novel angular acceleration indicat-

ing instrument which comprises a two-degree-of-freedom gyroscope having *one resilient constraint or coupling* defined by arm 5 and springs 6 connected with a portion of the precession axis so as to constrain gyro precession during a craft turn to a function of the rate or speed of the craft turn and *a second resilient constraint or coupling* formed by arm 7 attached to another portion of the precession axis and a magnet 8 carried by the arm and movable as a function of the rate or speed of craft turn, together with an indicating means which is movable during movement of magnet 8, but not as a function of the rate movement, but as a function of the angular acceleration of the craft by virtue of the slip connection between the indicating means and the magnet 8. [Italics quoted]

"Stated in another manner Henderson has *one resilient coupling* between the gyro precession axis and the indicating means while appellant has *two resilient couplings* between the gyro precession axis and the indicating means. [Italics quoted]

\* \* \* \* \*

"The remainder of the claim [11] calling for 'means cooperatively associated with said gyroscope for providing a magnetic field, and resiliently constrained indicating means controlled by the combined action of said magnetic field and of the precession of said gyroscope for indicating the angular acceleration of said craft during turning about said axis' defines appellant's *second resilient coupling* comprising the magnet 8 and the indicator 9 arranged between the poles of the magnet and being resiliently constrained by springs 11. *This latter structure is the very structure which converts a turn indicator into an angular acceleration indicating instrument.* [Italics quoted]

"There is no structure in Henderson upon which the latter portion of the claim could be applied for the simple reason that Henderson's instrument is a turn indicator and is not concerned with providing a second resilient coupling so as to indicate angular acceleration rather than rate of craft turn."

The position of the Solicitor for the Patent Office in this court is that the tribunals below were correct in holding that if the magnetic device of appellant were substituted for the viscous fluid device of Henderson, both devices would accomplish the same purpose, to wit, indicate the angular acceleration of the aircraft in making a turn.

The solicitor contends that the Henderson device has no function except that of indicating what appellant has so frequently referred to as indicating angular acceleration. The solicitor admits that the Henderson patent says nothing about angular acceleration in his specification and has no claim which, in terms, covers this feature, but earnestly argues that the device of Henderson inherently has the same function as that of the device of the applicant which is defined in the claims at bar.

As we understand it, appellant urges, in substance, that Henderson's indicator will merely show the operator of an aircraft the degree, or at most the speed, of the turn he is making. Appellant says that the function of his device is to determine the amount of acceleration (increase in speed) that may take place while a turn is being made. In other words, the turn might start and proceed continuously at 100 miles per hour, but if greater speed was acquired in making the turn, appellant's device would determine the amount of acceleration of the turn.

It is the view of the Patent Office that Henderson's device, with its gyroscopic instrument which cooperates, in the manner shown in figure 1, with his viscous brake device 4, 5, together with the springs 6, performs the function of indicating angular acceleration. The Solicitor for the Patent Office in explaining the Henderson device states that the movement of the gyroscopic wheel which takes place when the craft is turning brings pressure against the viscous fluid device and springs, and that at first when the speed is increased, the indicator will start to move slowly and as the speed increases the indicator will move farther and thereby indicate the amount of angular acceleration. In his brief he says:

" * * * If the gyroscope tilts very slowly, as would occur in consequence of a small angular acceleration of the aircraft, the casing 4 will remain somewhere near its central or zero position. On the other hand, if the gyroscope tilts rapidly in consequence of a rapid angular acceleration, the casing 4 will be carried around almost as far as the gyroscope tilts. * * * "

It is argued by the solicitor, and it is implicit in the holdings of the tribunals below, that this function of Henderson is all that appellant describes, claims and emphasizes. The tribunals below, therefore, held that to substitute appellant's magnetic device and springs for the fluid brake and springs of Henderson would not amount to invention.

On the other hand, appellant argues, in substance, most earnestly, that the Henderson device when so modified should not be regarded as anticipatory, and should not "negative patentable novelty in appellant's structure." He further argues that if it were assumed that appellant's magnet has the same function as Henderson's viscous connection, a substitution of his magnetic device in the Henderson structure would not produce an indicator having the function of appellant's for the reason that further modification would be required. Proceeding upon this premise, he further contends as follows:

"If, for example, appellant's magnet 8 of the second resilient connection were replaced by a fluid coupling such as that of Henderson the claimed device still constitutes invention over the reference because the substituted fluid connection of the second constraint would necessarily be associated with a turn indicator so as to derive the function of angular acceleration from the rate function derived by the turn indicator. In other words, whether appellant uses a magnet or a fluid connection as his second resilient constraint he still provides a gyroscope, *the axis of precession of which is connected to indicating means thru two resilient constraints, one deriving rate from amount and the other acceleration from rate,* while Henderson's structure is one having *one* resilient constraint between the gyro precession axis and the indicating means. Henderson's one constraint comprises, as pointed out before, the spring constraint drum 4 and discs 5. Therefore, appellant's instrument is structurally and functionally different from Henderson's and constitutes invention thereover." [Italics quoted]

It has not been an easy matter to understand the exact results of the operation of the devices of appellant and Henderson and we could be mistaken about the manner in which one or both would perform. The examiner and the board could also be mistaken. However, notwithstanding the lengthy argument of appellant, both oral and in his brief, and a consideration of the record as a whole, we are not convinced that the tribunals of the Patent Office were in error in holding that the substitution of the said features of appellant in the device of Henderson would enable appellant to obtain the same result as he now claims for

his device and that such substitution would not amount to invention. It is true that no prior art reference is cited showing a magnetic device like that of appellant. Appellant is not here asking for a patent on his magnetic device, and, in considering the involved claims, we are not concerned with its patentable status but only with the function which it performs in the combination claimed.

From the foregoing it therefore follows that the decision of the Board of Appeals should be, and it is, affirmed.

Affirmed.